IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DONNA GOLDEN                                                             PLAINTIFF

vs.                                     Civil No. 4:09-cv-04120

MICHAEL J. ASTRUE                                       DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Donna Golden ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed applications for SSI and DIB on March 16, 2007.  (Tr. 42, 146-148, 151-153). Plaintiff alleged she was disabled due to mental and physical impairments, including arthritic pain in her left knee and other joints, bipolar disorder with psychotic episodes, dyslexia, panic attacks, and high blood pressure.  (Tr. 184, 195).  Plaintiff originally alleged an onset date of June 1, 2003

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

but later amended that onset date to September 1, 2006. (Tr. 55, 146). These applications were denied initially and again on reconsideration. (Tr. 89-99). Thereafter, Plaintiff requested an administrative hearing on her applications. (Tr. 108-109). This hearing request was granted, and a hearing was held on February 17, 2009 in Texarkana, Texas. (Tr. 53-88). Plaintiff was present and was represented by counsel, Greg Giles, at this hearing. *Id.* Plaintiff, Medical Expert Dr. Alice Cox, Medical Expert Dr. Betty Feir, and Vocational Expert ("VE") Elizabeth Clem testified at this hearing. *Id.*

On August 1, 2009, the ALJ entered an unfavorable decision denying Plaintiff's applications for SSI and DIB. (Tr. 42-50). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2011. (Tr. 45, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 1, 2003, her original alleged onset date. (Tr. 45, Finding 2). The ALJ determined Plaintiff had the following severe impairments: bipolar disorder with psychotic features; personality disorder; schizoaffective disorder; a history of polysubstance dependence; status post left shoulder arthroscopy; degenerative joint disease of the right wrist; and status post left knee arthroscopic surgery. (Tr. 45, Finding 3). The ALJ determined Plaintiff's impairments, including her substance disorders, met Listing 12.04 in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 45, Finding 4).

The ALJ also found that if Plaintiff stopped her substance abuse, her remaining limitations would cause more than a minimal impact on her ability to perform basic work activities. (Tr. 45, Finding 5). Thus, the ALJ found without her drug abuse, Plaintiff would continue to have a severe impairment or combination of impairments. *Id.* The ALJ, however, found that if Plaintiff stopped

2

abusing drugs, she would not have an impairment or a combination of impairments that met or medically equaled one of the Listings. (Tr. 45, Finding 6).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 47-49). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC to perform the following:

> If the claimant stopped the substance abuse, the claimant would have the residual functional capacity to: lift/carry up to 20 pounds occasionally and 10 pounds frequently; stand/walk up to 6 hours in an 8 hour workday; sit up to 6 hours in an 8 hour workday; occasional overhead reaching with the left upper extremity; occasional handling with the right upper extremity; no climbing ladders, ropes or scaffolds or working around dangerous, moving machinery/unprotected heights When off illegal substances, claimant is capable of understanding, remembering, and carrying out detailed but not highly complex instructions; capable of making decisions, maintaining attention and concentration, dealing appropriately with workplace peers, bosses and occasional routine work changes.

(Tr. 47, Finding 7).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 49-50, Finding 8). The ALJ determined Plaintiff's PRW included work as a deli clerk in a grocery store. *Id.* Based upon her RFC, the ALJ determined if Plaintiff stopped her substance abuse, she would be able to perform her PRW as a deli clerk in a grocery store. *Id.* Thus, the ALJ found Plaintiff would not be disabled if she stopped her substance abuse, found her substance abuse was a contributing factor material to the determination of disability, and found she was not disabled within the meaning of the Act at any time from her alleged onset date through the date of his decision or through August 1, 2009. (Tr. 50, Finding 9).

Thereafter, Plaintiff requested that the Appeals Council review the ALJ's unfavorable

decision. (Tr. 37-38). *See* 20 C.F.R. § 404.968. On October 7, 2009, the Appeals Council declined to review this unfavorable decision. (Tr. 33-35). On November 5, 2009, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on November 16, 2009. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 8, 11. This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines

a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In her appeal brief, Plaintiff claims the following: (1) the ALJ's decision was not supported by substantial evidence in the record; (2) the ALJ erred in finding she does not meet the listings under 12.00 *et seq.* for mental disorders; (3) the ALJ did not give proper consideration to her chronic pain; and (4) the ALJ erred in discrediting her disabilities as a whole.  ECF No. 8 at 1-21.  Because

this Court finds the ALJ improperly evaluated Plaintiff's subjective complaints, this Court will only address the third issue Plaintiff raised.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not perform a proper *Polaski* analysis. Instead of evaluating the *Polaski* factors and noting inconsistencies between Plaintiff's subjective complaints and the evidence in the record, the ALJ focused almost entirely upon Plaintiff's medical records. (Tr. 47-49). Further, instead of evaluating the *Polaski* factors and noting inconsistencies between the record and Plaintiff's testimony, the ALJ stated the following:

> In making this [RFC] finding, the undersigned has considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSRs 96-4p and 96-7p. The undersigned has also considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p and 06-3p.

(Tr. 47).

Indeed, the only "inconsistency" the ALJ referenced in his opinion was not entirely inconsistent with Plaintiff's claim that her mental impairments cause her to be unable to work. Specifically, the only inconsistency the ALJ found was that Plaintiff was able to perform some of her daily activities despite her alleged mental disability: "she is able to clean her house, get her kids to school, cook dinner, make sure her children finish their homework, and take them to sporting events." (Tr. 49). However, the fact Plaintiff is able to deal with her family and perform household work does not indicate she is able to work with her alleged mental disability. This is especially true since Plaintiff suffers from bipolar disorder with psychotic episodes which manifests itself in the

form of angry outbursts and "extreme mood swings" while working with other people. (Tr. 78). Thus, because the *Polaski* analysis was inadequate, this case must be reversed and remanded.[3]

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 22nd day of December, 2010.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[3] This remand is ordered solely for the purpose of permitting the ALJ the opportunity to comply with the requirements of *Polaski*. No part of this remand should be interpreted as an instruction that disability benefits be awarded. Upon remand, the ALJ should further evaluate the evidence and make a disability determination, subject to this Court's later review.